Scott J. Sagaria (SBN 217981)
Elliot W. Gale (SBN 263326)
Joe Angelo (SBN 268542)
SAGARIA LAW, P.C.
2033 Gateway Pl., 5th Floor
San Jose, CA 95110
Telephone: (408) 279-2288
Facsimile: (408) 297-2299

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MARK CHRISTIAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et. al.,<br><br>　　　　　Defendants. | Case No.: 4:16-cv-06313-JSW<br>Case No.: 4:16-cv-06349-JSW<br>Case No.: 4:17-cv-00350-JSW<br>Case No.: 4:17-cv-00351-JSW<br>Case No.: 4:17-cv-00388-JSW<br>Case No.: 4:17-cv-00399-JSW<br>Case No.: 4:17-cv-00417-JSW<br>Case No.: 4:17-cv-00500-JSW<br><br>**JOINT STATEMENT** |
| MADELINE RICE,<br><br>　　　　　Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et. al.,<br><br>　　　　　Defendants. | Date:　　　May 5, 2017<br>Time:　　　11:00 a.m.<br>Crtrm:　　　5, 2nd Floor<br>Location:　1301 Clay Street<br>　　　　　　Oakland, CA 94612 |
| JESSE MURO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et. al,<br><br>　　　　　Defendants. | |

JOINT STATEMENT -1-

| | |
|---|---|
| RENATO HERRERA, | |
|        Plaintiff, | |
| v. | |
| EQUIFAX, INC., et. al, | |
|         Defendants. | |
| RYAN REESE, | |
|        Plaintiff, | |
| v. | |
| TRANSUNION, LLC, et. al, | |
|         Defendants. | |
| STACY CASE, | |
|        Plaintiff, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | |
|         Defendants. | |
| JULIE GREENHOW, | |
|        Plaintiff, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al, | |
|         Defendants. | |
| TAMMY HALLER, | |
|        Plaintiff, | |
| v. | |

EXPERIAN INFORMATION SOLUTIONS, et al.,

                Defendants.

The Parties hereby submit this Joint Case Management Statement and Status Update pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2017, Civil Local Rule 16-9, and pursuant to the Court's January 30, 2017 Order filed in case number 4:16-cv-05690-JSW.

## I. Plaintiff's Position

The above captioned cases all involve Plaintiffs who filed for Chapter 13 bankruptcy protection and either obtained a U.S. Bankruptcy Court Order confirming the Chapter 13 repayment plans or who have received a U.S. Bankruptcy Court Order discharging their debts following the confirmation of their Chapter 13 Plan. There are various claims and allegations that are raised in each respective complaint. The Plaintiffs who received a chapter 13 discharge prior to the filing of the lawsuit include *Christian, Muro, Herrera, Reese, and Case*. In the matter of *Rice*, Plaintiff received her discharge on November 29, 2016 but following the filing of her Complaint on November 1, 2016. The rest of the Plaintiffs are still in active Chapter 13 bankruptcy cases and are still making payments under the terms of the plans (*Greenhow and Haller*).

## II. JURISDICTION AND SERVICE

The parties agree that this Court has subject matter jurisdiction over the asserted claims based upon the alleged violation of a federal statute, namely, the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681, *et. seq*. ("FCRA"). Jurisdiction for pendant state law claims arises under 28 U.S.C. § 1367. No issues exist regarding personal jurisdiction or venue.

## III. FACTS.

### a) Plaintiff:

Plaintiffs allege that Defendants violated both the FCRA and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code section 1785.1, *et seq*. ("CCRAA") by

reporting misleading and inaccurate information on Plaintiffs' credit reports after entry of their Chapter 13 confirmation order and/or discharge order. Plaintiffs further allege that the Defendants do not follow the Metro 2 industry standard regarding credit reporting.

### *Christian, Mark*

Plaintiff *Christian* filed for Chapter 13 bankruptcy protection on March 10, 2010 and proposed a plan of financial reorganization. On July 2, 2015 the U.S. Bankruptcy Court entered an Order discharging Debtor from his eligible debts. After entry of the discharge order, Plaintiff reviewed a credit report to confirm proper reporting. In response to perceived inaccurate and misleading information given the discharge of his eligible debts, Plaintiff sent dispute letters to all three credit reporting agencies and subsequently ran a second credit report to confirm proper reporting.

Wells Fargo Bank, National Association was reporting Plaintiff's account, beginning in 5185xxxx, as charged off, with negative reporting in the 24 month payment history, and fails to note that the account is being disputed. The terms of the plan show that this claim is to be treated as a secured debt. Defendant filed a proof of claim in the amount of $4,700.00. The monthly payments were set at $170.00 and the account has been paid in full.

### *Rice, Madeline*

Plaintiff *Rice* filed for Chapter 13 bankruptcy protection on October 13, 2011 and proposed a plan of financial reorganization. On December 12, 2011 the U.S. Bankruptcy Court entered an Order confirming Plaintiff's Chapter 13 bankruptcy plan solidifying the treatment of the Plaintiff's creditors' claims in the bankruptcy. After entry of the confirmation order, Plaintiff reviewed a credit report to confirm proper reporting. In response to perceived inaccurate and misleading information given the confirmation of her Chapter 13 bankruptcy plan, Plaintiff sent dispute letters to all three credit reporting agencies and subsequently ran a second credit report to confirm proper reporting.

SeaWest Coast Guard Federal Credit Union was reporting Plaintiff's account, beginning in 4731xxxx, as charged off, in collections, and failed to note that the account was being disputed. Defendant filed a proof of claim in the amount of $13,319.28. The trustees'

accounting shows that there has been a disbursement of funds totaling $406.47, that the principle owed on the account totals $16.15, and that no past due amount exists. Despite Defendant filing a proof of claim in Plaintiff's Chapter 13, Defendant steadfastly refuses to acknowledge that the account has been included in the Chapter 13. Instead, Defendant continues to report the account as a charged off and in collections. Defendant is not following industry standards and is not listing the correct CII indicator. The CII should have been updated to D instead kept as charged off and/or in collections. Moreover, Defendant is simultaneously reporting that the account is current in the payment history while also reporting that the account is charged off and in collections.

Wells Fargo Bank, National Association was reporting Plaintiff's account, beginning in 6516xxxx, with a balance in the amount of $48,153.00, monthly payments owed in the amount of $357.00, and fails to note that the account is being disputed.

Wells Fargo Bank, National Association was reporting Plaintiff's account, beginning in 4465xxxx, with a balance in the amount of $14,931.00, and fails to note that the account is being disputed. Defendant filed a proof of claim in the amount of $15,381.91. The trustees' accounting shows that there has been a disbursement of funds totaling $469.41, that the principle owed on the account totals $18.66, and that no past due amount exists. The balance listed by Defendant does not comport with Metro 2 industry standards.

### *Muro, Jesse*

Plaintiff *Muro* filed for Chapter 13 bankruptcy protection on April 12, 2011 and proposed a plan of financial reorganization. On May 11, 2016 the U.S. Bankruptcy Court entered an Order discharging Debtor from his eligible debts. After entry of the discharge order, Plaintiff reviewed a credit report to confirm proper reporting. In response to perceived inaccurate and misleading information given the discharge of his eligible debts, Plaintiff sent dispute letters to all three credit reporting agencies and subsequently ran a second credit report to confirm proper reporting.

JPMorgan Chase Bank was reporting Plaintiff's account, beginning in 4266xxxx, as in collections and charged off despite Plaintiff receiving his discharge. Nothing about

Defendant's reporting illustrates to any perspective lender this debt is no longer owed by Plaintiff. The reporting illustrates the exact opposite. Specifically, that not only is Plaintiff derelict in making payments but this account is in collections i.e. most likely subject to liens garnishments etc. This of course is demonstrably false both factually and legally.

### *Herrera, Renato*

Plaintiff *Herrera* filed for Chapter 13 bankruptcy protection on March 3, 2011 and proposed a plan of financial reorganization.  On September 20, 2016 the U.S. Bankruptcy Court entered an Order discharging Debtor from his eligible debts.  After entry of the discharge order, Plaintiff reviewed a credit report to confirm proper reporting.  In response to perceived inaccurate and misleading information given the discharge of his eligible debts, Plaintiff sent dispute letters to all three credit reporting agencies and subsequently ran a second credit report to confirm proper reporting.

Citibank, National Association was reporting Plaintiff's account, beginning in 5002xxxx, as in collections, charged off, with a balance in the amount of $4,767.00, and with negative 24 month payment history in August and September of 2016, despite Plaintiff receiving a discharge.

Defendant never updated the CII to D during the pendency of the Chapter 13 and has refused to update the CII to H (discharged in Chapter 13) post discharge.  As of the date of the Complaint, this account showed no indication whatsoever that the debt was discharged. Instead, Defendant continued to report a balance of $4,767.00 post discharge.

### *Reese, Ryan*

Plaintiff *Reese* filed for Chapter 13 bankruptcy protection on May 6, 2013 and proposed a plan of financial reorganization.  On August 1, 2016 the U.S. Bankruptcy Court entered an Order discharging Debtor from his eligible debts.  After entry of the discharge order, Plaintiff reviewed a credit report to confirm proper reporting.  In response to perceived inaccurate and misleading information given the discharge of his eligible debts, Plaintiff sent dispute letters to all three credit reporting agencies and subsequently ran a second credit report to confirm proper reporting.

Desert Springs Hospital Medical Center was reporting Plaintiff's account, beginning in 1238xxxx, as open and in collections despite the account being discharged. Defendant never updated the CII to D during the pendency of the Chapter 13 and has refused to update the CII to H (discharged in Chapter 13) post discharge. Plaintiff's bankruptcy was discharged on August 1, 2016.

Emergency Medicine Physicians of Clark Saint Rose McCourt, Pllc was reporting Plaintiff's account, beginning in 3580xxxx, as open and in collections despite the account being discharged.

Defendant never updated the CII to D during the pendency of the Chapter 13 and has refused to update the CII to H (discharged in Chapter 13) post discharge. Plaintiff's bankruptcy was discharged on August 1, 2016. Moreover, the account should not be reported as open, based on the CDIA guidelines.

Emergency Medicine Physicians of Clark Saint Rose McCourt, Pllc was reporting Plaintiff's account, beginning in 3571xxxx, as open and in collections, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization and despite the account being discharged.

This claim was disallowed under 11 U.S.C. Section 501 and 502 due to Defendant negligently failing to file a proof of claim. Consequently, the trustee is not making payment to Defendant. All payments currently owed to Defendant have been made and Defendant is currently owed $0.00. Assuming Defendant did file a claim, the account status of in collection that is being reporting is inaccurate and would not comport with Metro 2 industry standards. Defendant never updated the CII to D during the pendency of the Chapter 13 and has refused to update the CII to H (discharged in Chapter 13) post discharge. Plaintiff's bankruptcy was discharged on August 1, 2016. Moreover, the account should not be reported as open, based on the CDIA guidelines.

### *Case, Stacy*

Plaintiff *Case* filed for Chapter 13 bankruptcy protection on October 28, 2010 and proposed a plan of financial reorganization. On May 16, 2016 the U.S. Bankruptcy Court

entered an Order discharging Debtor from her eligible debts. After entry of the discharge order, Plaintiff reviewed a credit report to confirm proper reporting. In response to perceived inaccurate and misleading information given the discharge of her eligible debts, Plaintiff sent dispute letters to all three credit reporting agencies and subsequently ran a second credit report to confirm proper reporting

### *Greenhow, Julie*

Plaintiff *Greenhow* filed for Chapter 13 bankruptcy protection on July 31, 2015 and proposed a plan of financial reorganization. On November 12, 2015 the U.S. Bankruptcy Court entered an Order confirming Plaintiff's Chapter 13 bankruptcy plan solidifying the treatment of the Plaintiff's creditors' claims in the bankruptcy. After entry of the confirmation order, Plaintiff reviewed a credit report to confirm proper reporting. In response to perceived inaccurate and misleading information given the confirmation of her Chapter 13 bankruptcy plan, Plaintiff sent dispute letters to all three credit reporting agencies and subsequently ran a second credit report to confirm proper reporting.

Redwood Credit Union was reporting Plaintiff's account, beginning in 4306xxxx, as charged off, with a balance in the amount of $1,580.00, a past due balance in the amount of $700.00, and with derogatory account information in the 24 month payment history. Defendant RCU is not following industry standards and is not listing the correct CII indicator. The CII should have been updated to D instead kept as charged off.

### *Haller, Tammy*

Plaintiff *Haller* filed for Chapter 13 bankruptcy protection on May 1, 2014 and proposed a plan of financial reorganization. On August 27, 2014 the U.S. Bankruptcy Court entered an Order confirming Plaintiff's Chapter 13 bankruptcy plan solidifying the treatment of the Plaintiff's creditors' claims in the bankruptcy. After entry of the confirmation order, Plaintiff reviewed a credit report to confirm proper reporting. In response to perceived inaccurate and misleading information given the confirmation of her Chapter 13 bankruptcy plan, Plaintiff sent dispute letters to all three credit reporting agencies and subsequently ran a second credit report to confirm proper reporting.

Barclay's Bank Delaware was reporting Plaintiff's account, beginning in 0514xxxx, as charged off and not notating that Plaintiff filed for chapter 13. Plaintiff intends on filing an amended complaint by April 28, 2017.

**b) Experian Information Solutions, Inc.:**

Experian is a consumer credit reporting agency as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Experian denies each of the Plaintiffs' claims and denies that it violated the FCRA in the *Christian, Rice, Muro, Greenhow, and Haller* matters. At all relevant times, Experian maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning the aforementioned Plaintiffs, complied with the requirements of the FCRA with respect to the aforementioned Plaintiffs, and conducted reinvestigation(s) of the aforementioned Plaintiffs' dispute in compliance with the FCRA. Experian denies that it caused any damage to the aforementioned Plaintiffs.

Experian Information Solutions, Inc. has been terminated in the *Case* matter.

Experian Information Solutions, Inc. was not named as a defendant in the *Herrera* and *Reese* matters.

**c) Equifax, Inc.:**

Defendant Equifax, Inc. denies Plaintiff's claims and denies that it violated the FCRA in the *Greenhow* matter. Equifax is not a consumer reporting agency ("CRA"). Equifax denies that Plaintiff was damaged and that it was the proximate cause of any alleged damage. Equifax denies that Plaintiff is entitled to any of the relief sought in her Complaint, including punitive damages.

Plaintiffs *Herrera, Case,* and *Rice* and Defendant Equifax, Inc. have reached a settlement.

Defendant Equifax, Inc. has been terminated in the *Muro* matter.

Defendant Equifax, Inc. was not named as a defendant in the *Christian*,*Reese,* and *Haller* matters.

**d) Wells Fargo Bank, N.A. (erroneously sued as "Wells Fargo Bank, National Association"):**

Plaintiff *Christian* and Defendant Wells Fargo Bank, N.A. have reached a settlement and filed notice of said settlement on March 29, 2017 [Docket #37] and subsequent stipulation of dismissal on April 26, 2017. Defendant Wells Fargo Bank, N.A. was terminated in the *Muro* matter.

Defendant Wells Fargo Bank, N.A. was not named as a defendant in any of the other subject matters.

### e) Sea West Coast Guard Federal Credit Union:

Defendant Sea West Coast Guard Federal Credit Union was terminated in the *Rice* matter. Defendant Sea West Coast Guard Federal Credit Union was not named as a defendant in any of the other subject matters.

### f) Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. (erroneously sued as JPMorgan Chase Bank, and collectively referred to herein as "Chase"):

Chase denies Plaintiff Muro's claims and denies that it violated the FCRA or CCRAA. There is nothing inaccurate or misleading about the way that Chase allegedly reported information about Plaintiff's Chase accounts referenced in the Complaints. Chase also complied with all applicable FCRA requirements when it investigated Plaintiff's dispute. Chase also denies that Plaintiff has suffered any damages, let alone any damages caused by Chase. Defendant Chase was not named as a defendant in any of the other subject matters.

### g) TransUnion, Inc.:

Defendant TransUnion, Inc. has been terminated in the *Reese* matter. Defendant TransUnion, Inc. was not named as a defendant in any of the other subject matters.

### h) Avant, Inc.:

Defendant Avant, Inc. has been terminated in the *Reese* matter. Defendant Avant, Inc. was not named as a defendant in any of the other subject matters.

### i) Desert Springs Hospital:

Plaintiff *Reese* has settled with Defendant Desert Springs Hospital. Defendant Desert Springs Hospital was not named as a defendant in any of the other subject matters.

### j) Emergency Medicine Physicians of Clark Saint Rose McCourt, PLLC:

Defendant Emergency Medicine Physicians of Clark Saint Rose McCourt, PLLC has yet to make an appearance in the *Reese* matter. Defendant Emergency Medicine Physicians of Clark Saint Rose McCourt, PLLC was not named as a defendant in any of the other subject matters.

**k) TransUnion, LLC:**

Defendant TransUnion, LLC has been terminated in the *Case* and *Reese* matters. Defendant TransUnion, LLC was not named as a defendant in any of the other subject matters.

**l) Providence St. Vincent Medical Center:**

Defendant Providence St. Vincent Medical Center has yet to make an appearance in the *Reese* matter. Defendant Providence St. Vincent Medical Center was not named as a defendant in any of the other subject matters.

**m) F&A Credit Union:**

Defendant F&A Credit Union has yet to make an appearance in the *Case* matter. Defendant F&A Credit Union was not named as a defendant in any of the other subject matters.

**n) Redwood Credit Union:**

Defendant Redwood Credit Union has yet to make an appearance in the *Greenhow* matter. Defendant Redwood Credit Union was not named as a defendant in any of the other subject matters.

**o) Barclay's Bank Delaware:**


**p) Citibank, National Association:**

Citibank, National Association has yet to make an appearance in the *Herrera* matter. Defendant Citibank, National Association was not named as a defendant in any of the other subject matters.

**IV.   LEGAL ISSUES.**

Plaintiffs' Complaints allege violations of the FCRA and the CCRAA. The key legal issues are:

1. Whether any of Defendants' alleged actions violate the FCRA, the CCRAA;
2. Whether the furnisher defendants received notice of dispute from the credit reporting agencies and what was the scope of said dispute;
3. Whether Defendants conducted a reasonable investigation in response to a dispute from Plaintiffs to the credit reporting agencies in compliance with the FCRA;
4. Whether Defendants failed to modify, delete, or block credit reporting information that was allegedly inaccurate;
5. Whether, for purposes of the FCRA and the CCRAA, Plaintiffs' accounts are accurately reported;
6. Whether Defendants furnished credit reporting information about Plaintiffs to the credit reporting agencies that they knew or should have known was incomplete or inaccurate in violation of the CCRAA;
7. Whether Defendants failed to follow the industry standard regarding credit reporting;
8. Whether Plaintiffs incurred any injury as a result of the alleged violations by Defendants; and
9. Whether Plaintiffs are entitled to any damages.

## V. MOTIONS.

Experian Information Solutions, Inc. filed a motion to consolidate cases in the *Christian* and *Rice* matters. Equifax, Inc. filed a motion to consolidate cases in the *Rice* matter. No other motions have been filed or are pending in any of the other subject matters.

Chase intends to file a motion to dismiss the claims asserted against Chase in the *Muro* matter in their entirety. If any claims against Chase survive the motions to dismiss, Chase anticipates filing motions for summary judgment.

## VI. AMENDMENT OF PLEADINGS.

A First Amended Complaint has been filed in the *Muro* and *Reese* matters. The remaining Plaintiffs do not expect to add parties at this point in the proceeding. Plaintiffs

intend to amend the complaints on April 28, 2017.

## VII. EVIDENCE PRESERVATION.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

## VIII. DISCLOSURES.

The parties have agreed to exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before May 5, 2017 if they have not done so already.

## IX. DISCOVERY.

The parties have not propounded written discovery requests nor noticed any depositions.

A proposed discovery plan pursuant to Federal Rule of Civil Procedure Rule 26(f) is as follows:

**1. Initial Disclosures**. The parties will complete their initial disclosures on or before May 5, 2017 if not already done so.

**2. Timing and Subjects of Discovery**. The parties agree to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure. The parties disagree as to the timing and scope of discovery. The parties anticipate propounding requests for production of documents, requests for admissions, and interrogatories, as well as taking depositions as necessary. Chase believe that if any claims survive a motion to dismiss, the first four months of discovery should be limited to Plaintiff's evidence demonstrating actual inaccuracy in reporting and actual damages. Since February 2016, Plaintiff's counsel has filed over 150 nearly identical Complaints, all lacking allegations of cognizable actual damages, as part of a strategy of using the threat of discovery and defense costs to extract nuisance value settlements from defendants. This pattern of improper and abusive litigation results in disproportionate costs to defendants and has clogged this Court's docket. Accordingly, Plaintiff should be required to produce evidence that she has incurred any damages before she is permitted to seek discovery from defendants. Any such evidence, if it exists, should already

be in Plaintiff's custody and control and not burdensome to produce. If Plaintiff is unable to produce any cognizable evidence of inaccuracy or damages, however, Chase may seek leave to file for early summary judgment.

    **3.**    **Discovery of Electronically Stored Information**. The parties agree that discovery should be produced in an accessible, secure, and convenient manner. Defendants and Plaintiff agree that they will discuss production of ESI if and when discovery of ESI is triggered.

    **4.**    **Claims of Privilege or Protection**. The parties anticipate production of confidential, trade secret, and/or commercially sensitive information during the pendency of this action. If the parties require a protective order one will be drafted and submitted to the Court.

    **5.**    **Limitations on Discovery**. The parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

    **6.**    **Other Orders**. None at this time.

**X.**    **CLASS ACTIONS.**

This is not a class action.

**XI.**    **RELATED CASES.**

The parties know of no cases in this district or another that have been deemed related.

**XII.**    **RELIEF.**

Plaintiffs' Complaint seeks preliminary and permanent injunctive relief, statutory and actual damages, punitive damages and attorneys' fees and costs.

**12.**    **SETTLEMENT AND ADR.**

Plaintiffs are discussing settlement with Defendants in the interim.

**13.**    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**

The parties have not consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment in any of the matters.

**14.**    **OTHER REFERENCES.**

The cases are not suitable for reference to binding arbitration or a special master.

**15.   NARROWING OF ISSUES.**

At present, the parties are not prepared to enter into any binding stipulations or present a joint motion to the Court on any material matter.

**16.   EXPEDITED TRIAL PROCEDURE.**

The parties agree this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64.

**17.   SCHEDULING.**

The parties propose the following schedule:

- **Expert Designations**:  All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before **January 22, 2018**. Any contradictory or rebuttal information shall be disclosed on or before **January 29, 2018**.
- **Discovery Cutoff**:  All discovery, including expert discovery, shall be completed by all Parties on or before **February 26, 2018**.
- **Dispositive Motions**:  All dispositive motions shall be filed on or before **March 26, 2018**.
- Pretrial Conference **April of 2018.**
- Trial Date: **May of 2018.**

**18.   TRIAL.**

Plaintiffs have requested a jury trial.  Plaintiffs estimate that the matter will take one full court day to try, inclusive of jury selection and closing argument.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

　　a)  **Plaintiffs:** None**.**

　　b)  **Experian:**

Experian certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Parent Companies: The ultimate parent company of Experian is Experian plc.

2. Subsidiaries Not Wholly Owned: The following companies are the US-based subsidiaries of Experian plc that are not wholly owned:

    (a) Central Source LLC

    (b) Online Data Exchange LLC

    (c) New Management Services LLC

    (d) VantageScore Solutions LLC

    (e) Opt-Out Services LLC

3. Publicly Held Companies: Experian plc owns 100 percent of Experian. Experian plc is a Jersey registered company which is publicly traded on the London Stock Exchange.

    **c) Equifax:** Equifax, Inc. has, or shall have filed, a Certificate of Interested Entities or Persons prior to the case management conference.

    **d) Barclay's Bank:**

    **e) Chase:**

Chase filed its Certification of Interested Parties or Entities with the Court on March 3, 2017 in the *Muro* matter. Chase restates the contents of its certification as follows:

Pursuant to Fed. R. Civ. P. 7.1 and Civil L.R. 3-15, the undersigned counsel of record for Chase hereby certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Chase Bank USA, N.A., erroneously sued as JPMorgan Chase Bank, is an indirect, wholly-owned subsidiary of JPMorgan Chase & Co.

2. JPMorgan Chase Bank, N.A. is a wholly-owned subsidiary of JPMorgan Chase & Co.

3. JPMorgan Chase & Co. is a publicly-held company. No publicly-held corporation owns ten percent (10%) or more of JPMorgan Chase & Co.'s stock.

**20. PROFESSIONAL CONDUCT.**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER.**

   XIII. None at this time.

DATED: April 28, 2017            **Jones Day**

By:   */s/ Celia M. Jackson*
Celia M. Jackson
Attorney for Defendant
Experian Information Solutions, Inc.

DATED: April 28, 2017            **Nokes and Quinn**

By:   */s/ Thomas P. Quinn, Jr.*
Thomas P. Quinn, Jr.
Attorney for Defendant
Equifax, Inc.

DATED: April 28, 2017            **Covington and Burling, LLP**

By:   */s/ Megan L. Rodgers*
Megan L. Rodgers

Attorneys for Defendants Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. (erroneously sued as JPMorgan Chase Bank)

DATED: April 28, 2017            **Reed Smith, LLP**

By:   _____
Le T Duong
Attorney for Defendant
Barclay's Bank Delaware

DATED: April 28, 2017            **Sagaria Law, P.C.**

By:     */s/ Elliot Gale*
              Elliot Gale
              Attorney for Plaintiffs

### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]  IT IS SO ORDERED.

Dated: _____, 2017

                     United States District Judge Jeffrey S. White